# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Scott A. Rosenberg

Eugene J. Martin

900 MERCHANTS CONCOURSE
SUITE 208
WESTBURY, NEW YORK 11590

TELEPHONE: (516) 877-7205
FACSIMILE: (516) 877-7209

Adam E. Mikolay
Kevin R. Toole
Of Counsel

May 15, 2006

**Via Facsimile**
Hon. Allyne R. Ross
U.S. District Judge
U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Hebrew Institute for the Deaf and Exceptional Children v.
Abraham M. Kahana, et al., Case. No. 05 CV 5242 (ARR)

Dear Judge Ross:

This firm represents the National Credit Union Administration Board (the "NCUAB"), as liquidating agent of Midwood Federal Credit Union ("Midwood"), one of the defendants in the above referenced civil action (the "Action") commenced by the Hebrew Institute for the Deaf and Exceptional Children ("HIDEC"). In accordance with the instructions of Chambers staff, this letter is submitted in connection with a proposed motion to dismiss the Action as against Midwood pursuant to FRCP 12(b)(6). Pursuant to chambers rules, with the submission of this letter and pending the Court's decision regarding the filing of the motion, it is requested that the current May 15, 2006 date for Midwood, by its liquidating agent, the NCUAB to answer or move in the Action be extended 45 days to July 1, 2006.

The grounds for the motion are that the HIDEC causes of action against Midwood contained in the complaint are barred by the applicable statue of limitations. The HIDEC causes of action against Midwood are founded upon the identical facts and theory of liability that are the basis of HIDEC's prior claims against the Midwood liquidation estate submitted to the NCUA for consideration in accordance with applicable statute (12 U.S.C. 1751, et seq.) and rules. Those claims were denied by the NCUAB and the required notice of the denial was provided to HIDEC.

HON. ALLYNE R. ROSS
MAY 15, 2006
Page 2

    HIDEC thereafter failed or refused to file an appeal from the denial to the NCUAB or commence a proceeding in the District Court for the District of Columbia or the district court in which Midwood was located for consideration within the 60-day period as prescribed by statute (12 U.S.C. 1787(b)(6)). The failure to appeal or commence an action within the statute of limitations renders the denial to be final and precludes the claimant from having any further rights or remedies with respect to the denied claim (12 U.S.C. 1787(b)(6)(B)). Accordingly, HIDEC is barred by the applicable statute of limitations from now reasserting the claims it submitted in the liquidation process against Midwood in the Action. There are no other claims of HUIDEC against Midwood contained in the complaint's causes of action against Midwood. Therefore, it is appropriate that the motion to dismiss be filed and granted dismissing the complaint as to Midwood.

    The NCUAB is prepared to file the motion to dismiss as soon as the Court may grant permission.

    If the Court has any questions, I am available to respond. Thank you.

Respectfully submitted,

Scott A. Rosenberg, P.C.

By: *[signature]*

Kevin R. Toole

cc: Magistrate Judge Joan M. Azrack
    Allen Lashley, Esq.

*App. granted*

*[signature]*

*USMJ*
*6/15/06*